JMM:GMC
F.#2008R01592

**CR 09 255**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   APR 23 2009   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

NICHOLAS COSMO

          Defendant.

- - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§
981(a)(1)(C), 1341,
1343 and 3551 et seq.;
T. 28, U.S.C., § 2461(c))

HURLEY, J.

BOYLE, M.

THE GRAND JURY CHARGES:

INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

I.   The Defendant and his Companies

    1.   AGAPE WORLD, INC. ("AGAPE") was a New York State corporation that maintained offices in Hauppauge, Maspeth, and Jackson Heights, New York (hereinafter collectively referred to as the "AGAPE Offices").  AGAPE solicited money from investors by holding itself out as a provider of short-term bridge loans to commercial borrowers, which loans purportedly generated high-interest returns for AGAPE and its investors.  The defendant NICHOLAS COSMO was the President and owner of AGAPE.

    2.   AGAPE MERCHANT ADVANCE, LLC. ("AMA") was a New York State limited liability corporation that held itself out as a lender to businesses that accepted credit cards.  AMA took

money from investors purportedly for the purpose of loaning money to businesses at high rates of interest (hereinafter the "merchant loans") through a company named Professional Merchant Advance Capital, LLC. ("PROMAC"). AMA operated from the AGAPE offices. The defendant NICHOLAS COSMO was the owner and President of AMA and was a 20% shareholder in PROMAC.

3.    The PREMIUM PROTECTION PLAN, LLC. ("PPP") was a Delaware company incorporated in October 2008. PPP offered insurance policies to AGAPE investors purporting to insure their principal and a portion of their expected interest. The policies were supposed to insure the timely payment of principal in the case of a default. The defendant NICHOLAS COSMO was the President and a 51% shareholder of PPP.

4.    As the President and owner of AGAPE and AMA, the defendant NICHOLAS COSMO hired account representatives and other employees for both companies, solicited bridge loan borrowers, negotiated bridge loan contracts, maintained client contact directly with investors and through the use of account representatives, maintained control over bank accounts for both companies, and funded and assisted in creating PROMAC.

5.    The defendant NICHOLAS COSMO maintained bank accounts and subsidiary bank accounts for AGAPE and AMA at the Bank of America in West Hempstead and Hauppauge, New York (hereinafter "AGAPE BOA Account" and "AMA BOA Account").

Investor money was regularly deposited into and drawn from those bank accounts, and investor money was also wired to and from those bank accounts.

II.   The Fraud Scheme Victims

6.   John Doe #1, a resident of Union City, New Jersey, whose identity is known to the Grand Jury, was an investor in both AGAPE and AMA.

7.   John Doe #2, a resident of Southampton, New York, whose identity is known to the Grand Jury, was an investor in AGAPE and AMA.

8.   John Doe #3, a resident of Orlando, Florida, whose identity is known to the Grand Jury, was an investor in AGAPE.

9.   John Doe #4, a resident of Spring, Texas, whose identity is known to the Grand Jury, was an investor in both AGAPE and AMA.

10.   John Doe #5, a resident of the Bronx, New York, whose identity is known to the Grand Jury, was an investor in AGAPE.

11.   John Doe #6, a resident of Baldwin, New York, whose identity is known to the Grand Jury, was an investor in both AGAPE and AMA.

12.   Jane Doe #1, a resident of Howard Beach, New York, whose identity is known to the Grand Jury, was an investor in

4

AGAPE.

13. Jane Doe #2, a resident of Southampton, New York, whose identity is known to the Grand Jury, was an investor in AGAPE.

14. Jane Doe #3, a resident of Jamaica, New York, whose identity is known to the Grand Jury, was an investor in both AGAPE and AMA.

15. Jane Doe #4, a resident of Howard Beach, New York, whose identity is known to the Grand Jury, was an investor in both AGAPE and AMA.

16. Jane Doe #5, a resident of West Seneca, New York, whose identity is known to the Grand Jury, was an investor in AGAPE.

17. Jane Doe #6, a resident of Hartford, Connecticut, whose identity is known to the Grand Jury, was an investor in AGAPE.

18. Jane Doe #7, a resident of Aberdeen, New Jersey, whose identity is known to the Grand Jury, was an investor in both AGAPE and AMA.

19. Jane Doe #8, a resident of Seaford, New York, whose identity is known to the Grand Jury, was an investor in AGAPE.

III. The Fraudulent Scheme

   A.  Bridge Loans, Merchant Loans, Premium Protection Plan

        20.  In or about and between October 2003 and January 2009, the defendant NICHOLAS COSMO devised, implemented, supervised and executed a scheme to fraudulently induce investors, including John Doe #1 through John Doe #6 and Jane Doe #1 through Jane Doe #8 and others, to invest in AGAPE and AMA. It was a part of the scheme to defraud that COSMO and account representatives working at his direction told investors that AGAPE would use their investment capital to fund specific bridge loans to commercial clients (the "bridge loan clients"). It was a further part of the scheme that COSMO and others working at his direction promised investors rates of return that significantly exceeded the interest rates AGAPE charged its bridge loan clients. Although he told investors that their money was needed to fund specific bridge loans, COSMO and account representatives working at his direction solicited investments well in excess what was needed to fund the specific loans. Additionally, COSMO falsely overstated the loan amounts AGAPE was providing to borrowers on certain bridge loans. COSMO also claimed that AGAPE was making certain loans to particular borrowers when, in fact, as the defendant then well knew and believed, AGAPE was not making such loans.

        21.  In or about and between October 2003 and January

2009, AGAPE loaned only approximately $25 million to its bridge loan clients, while AGAPE received approximately $363 million from investors to fund specific bridge loans during that time.

22.   It was a further part of the scheme to defraud that, in or about and between November 2007 and January 2009, the defendant NICHOLAS COSMO induced investors, including John Doe #1, John Doe #2, John Doe #4, John Doe #6, Jane Doe #3, Jane Doe #4 and Jane Doe #7 and others, to invest in AMA by telling those investors that their money would be used to fund loans extended by AMA through PROMAC to commercial entities that accepted credit cards.  COSMO and account representatives working at his direction induced investors to invest money with AMA by promising high rates of return that would purportedly be generated by interest on the merchant loans and that such interest payments would be derived from the merchants' credit card receipts.  COSMO and account representatives working at his direction solicited significantly more in investments than was needed to fund the AMA and PROMAC merchant loans.  Between November 2007 and January 2009, AMA provided only approximately $5 million to PROMAC to fund merchant loans, while AMA received approximately $50 million from investors to fund merchant loans during that time.

23.   Because, as the defendant NICHOLAS COSMO knew, the rates of return promised to investors to induce them to invest

significantly exceeded the interest rates AGAPE and AMA actually charged the bridge loan clients and merchants, the interest on the loans extended by AGAPE and AMA could not possibly provide the AGAPE and AMA investors with the promised returns.  To induce investors to invest and to conceal the fact that the AGAPE and AMA loans were not generating the promised returns, COSMO used the excess money raised from subsequent investors to pay returns to previous investors.  Beginning in or about October 2003, COSMO caused checks drawn on the AGAPE BOA Account to be made payable to certain AGAPE investors.  Beginning in or about November 2007, COSMO caused checks drawn on the AMA BOA Account to be made payable to certain AMA investors.  COSMO falsely told investors that the payments they received were generated by high-interest loans extended by AGAPE and AMA.  COSMO also caused fraudulent account records to be generated and delivered to investors, which account records falsely reported non-existent or grossly-inflated profits, thereby encouraging investors to continue to invest in AGAPE and/or AMA.

24.  The defendant NICHOLAS COSMO also used funds solicited from AGAPE and AMA investors to operate the businesses and for his own personal benefit.  Such uses included paying personal and business expenses, paying commissions to his account representatives and their sub-brokers, and funding accounts at seven commodities futures trading firms for his trading activity.

25. The defendant NICHOLAS COSMO, and others working at his direction, made and caused to be made, materially false and fraudulent representations in correspondence and promotional materials for AGAPE and AMA, which materials were sent to potential investors.

26. It was a further part of the scheme to defraud that, beginning in October 2008, the defendant NICHOLAS COSMO, directly and through his account representatives, induced AGAPE investors to purchase the PPP insurance plan. The defendant represented that investors who purchased the insurance plan would own a portion of liens that purportedly secured repayment of the bridge loans. The defendant further represented that the PPP insurance plan would be available for all new contracts starting in October 2008 and that it was available for five existing bridge loans extended to purported borrowers. In fact, the five bridge loans purportedly covered by the PPP were never actually made by AGAPE. Accordingly, no liens secured the repayment of those fictitious loans and investors were not insured against the loss of their money.

B.   The Commodities Futures Trading Accounts

27. In or about and between October 2003 and October 2008, the defendant NICHOLAS COSMO maintained trading accounts with seven different commodities futures trading firms located in Chicago, Illinois, the identities of which are known to the Grand

Jury, (hereinafter "Company #1" through "Company #7").   COSMO funded trading accounts with Company #1 through Company #7 and executed trades for his personal benefit by using money obtained from AGAPE and AMA investors, including John Doe #1 through John Doe #6, Jane Doe #1 through Jane Doe #8, and others.

COUNTS ONE THROUGH TEN
(Wire Fraud)

28.   The allegations contained in paragraphs 1, 2, 4 through 25, and 27, are realleged and incorporated as if fully set forth in this paragraph.

29.   On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant NICHOLAS COSMO did knowingly and intentionally devise a scheme and artifice to defraud AGAPE and AMA investors, and to obtain money and property from those investors by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, transmit and cause to be transmitted writings, signs, signals and sounds by means of wire communication in interstate and foreign commerce, to wit:

| Count | Approximate Date | Amount of Wire Transfer | Wired From | Wired To |
|-------|------------------|-------------------------|------------|----------|
| ONE | September 27, 2007 | $2,100,000 | AGAPE BOA Account, Hauppauge, New York | Company #1, Harris Bank, Chicago, Illinois |

| Count | Approximate Date | Amount of Wire Transfer | Wired From | Wired To |
|---|---|---|---|---|
| TWO | October 4, 2007 | $2,000,000 | AGAPE BOA Account, Hauppauge, New York | Company #1, Harris Bank, Chicago, Illinois |
| THREE | January 8, 2008 | $3,100,000 | AGAPE BOA Account, Hauppauge, New York | Company #2, Harris Bank, Chicago, Illinois |
| FOUR | January 17, 2008 | $2,000,000 | AGAPE BOA Account, Hauppauge, New York | Company #3, Harris Bank, Chicago, Illinois |
| FIVE | March 10, 2008 | $2,000,000 | AGAPE BOA Account, Hauppauge, New York | Company #3, Harris Bank, Chicago, Illinois |
| SIX | March 10, 2008 | $1,000,000 | AGAPE BOA Account, Hauppauge, New York | Company #2, Harris Bank, Chicago, Illinois |
| SEVEN | May 28, 2008 | $1,000,000 | AGAPE BOA Account, Hauppauge, New York | Company #4, Lakeside Bank, Chicago, Illinois |
| EIGHT | June 16, 2008 | $2,000,000 | AGAPE BOA Account, Hauppauge, New York | Company #5, Harris Bank, Chicago, Illinois |
| NINE | July 7, 2008 | $1,000,000 | AGAPE BOA Account, Hauppauge, New York | Company #5, Harris Bank, Chicago, Illinois |
| TEN | October 15, 2008 | $1,000,000 | AGAPE BOA Account, Hauppauge, New York | Company #4, Lakeside Bank, Chicago, Illinois |

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## COUNTS ELEVEN THROUGH THIRTY-TWO
### (Mail Fraud)

30.  The allegations contained in paragraphs 1 through 27 are realleged and incorporated as if fully set forth in this paragraph.

31.  On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant NICHOLAS COSMO did knowingly and intentionally devise a scheme and artifice to defraud AGAPE and AMA investors, and to obtain money and property from those investors by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice and attempting to do so, cause to be delivered by the United States Postal Service and private and commercial interstate carriers, according to the directions thereon, the following mail matter:

| Count | Approximate Date Of Mailing | From | To | Description |
|---|---|---|---|---|
| ELEVEN | June 4, 2007 | John Doe #1 | AGAPE | $25,000 check from the account of John Doe #1 payable to AGAPE |
| TWELVE | September 6, 2007 | Jane Doe #1 | AGAPE | AGAPE investment contract and $29,000 check payable to AGAPE |

| Count | Approximate Date Of Mailing | From | To | Description |
|---|---|---|---|---|
| THIRTEEN | April 11, 2008 | John Doe #1 | AMA | $50,000 check payable to AMA |
| FOURTEEN | April 16, 2008 | Jane Doe #1 | AGAPE | AGAPE investment contract and $27,000 check payable to AGAPE |
| FIFTEEN | June 10, 2008 | NICHOLAS COSMO | Jane Doe #2 | Letter and copy of Entrepreneur Magazine naming AGAPE as one of the 100 fastest growing companies |
| SIXTEEN | July 3, 2008 | AGAPE | Jane Doe #3 | $1,175 check payable to Jane Doe #3 |
| SEVENTEEN | July 21, 2008 | John Doe #2 | NICHOLAS COSMO | AGAPE investment contract signed by NICHOLAS COSMO and John Doe #2 and $20,000 check payable to AGAPE |
| EIGHTEEN | September 22, 2008 | NICHOLAS COSMO | John Doe #3 | Letter signed by NICHOLAS COSMO regarding 90-day loan extension to borrower |

| Count | Approximate Date Of Mailing | From | To | Description |
|-------|------------------------------|------|-----|-------------|
| NINETEEN | September 22, 2008 | NICHOLAS COSMO | Jane Doe #2 | Letter announcing 90-day loan extension to borrower |
| TWENTY | September 24, 2008 | AMA | John Doe #4 | AMA investment contract |
| TWENTY-ONE | October 1, 2008 | AGAPE | John Doe #4 | AGAPE letter soliciting funds for bridge loan contract |
| TWENTY-TWO | October 8, 2008 | NICHOLAS COSMO | Jane Doe #2 | Letter detailing AGAPE minimal default rate |
| TWENTY-THREE | October 27, 2008 | AGAPE | John Doe #5 | PPP brochure |
| TWENTY-FOUR | November 10, 2008 | AMA | John Doe #2 | $1,575 AMA check payable to John Doe #2 |
| TWENTY-FIVE | November 10, 2008 | AMA | Jane Doe #4 | AMA $575 check signed by NICHOLAS COSMO payable to Jane Doe #4 |
| TWENTY-SIX | December 5, 2008 | AGAPE | Jane Doe #5 | AGAPE letter detailing new 2009 structure for investment contracts |

| Count | Approximate Date Of Mailing | From | To | Description |
|---|---|---|---|---|
| TWENTY-SEVEN | December 9, 2008 | AGAPE | Jane Doe #6 | AGAPE letter detailing projected payout dates for loans |
| TWENTY-EIGHT | December 10, 2008 | Jane Doe #7 | AGAPE | AGAPE investment contract and $10,918 check payable to AGAPE |
| TWENTY-NINE | December 10, 2008 | Jane Doe #7 | AMA | AMA contract and $5,000 check payable to AMA |
| THIRTY | December 15, 2008 | Jane Doe #8 | AGAPE | Account closeout form request from Jane Doe #8 |
| THIRTY-ONE | December 29, 2008 | John Doe #1 | AGAPE | $3,750 check from John Doe #1 payable to the PPP |
| THIRTY-TWO | January 2, 2009 | John Doe #6 | NICHOLAS COSMO | Letter and account closeout forms requesting payment for two bridge loans |

(Title 18, United States Code, Sections 1341 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

32.   The United States hereby gives notice to the

defendant that, upon conviction of any of the offenses in Counts One through Thirty-Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense(s) to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to the following:

### Money Judgment

A sum of money equal to at least approximately $413,000,000.00 in United States currency; and

### Specific Property

a.    all right, title and interest in the real property and premises located at 114 Parkway Drive South, Hauppauge, New York 11788, and all proceeds traceable thereto;

b.    all right, title and interest in the real property and premises located at 137 Cardinal Road, Levittown, New York 11756, and all proceeds traceable thereto;

c.    all funds or other monetary instruments on deposit or credited to or through Bank of America, Account# 009476825850 held in the name of Agape World Inc. Operating Account;

d.    all funds or other monetary instruments on deposit or credited to or through Bank of America, Account 483006516924 held in the name of Agape Merchant Advance, LLC.;

e.    all funds or other monetary instruments on deposit

or credited to or through UBS RF 39456, in the name of Nicholas Cosmo College Fund;

   f.   all funds or other monetary instruments on deposit or credited to or through UBS RF 39472, in the name of N. Cosmo, Lisa Lee, JTWROS;

   g.   all funds or other monetary instruments on deposit or credited to or through  UBS RF 12759, in the name of N. Cosmo, Lisa Lee, JTWROS;

   h.   all funds or other monetary instruments on deposit or credited to or through UBS RF 20072, in the name of N. Cosmo, Lisa Lee, JTWROS;

   i.   all funds or other monetary instruments on deposit or credited to or through Astoria Federal Savings a/c 8223617818, in the name of Lisa D. Lee; and

   j.   all funds or other monetary instruments on deposit or credited to or through Citibank 9935076116, in the name of Nicholas Cosmo/Agape World.

   33.  If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property, which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 981(a)(1)(C) and Title 28 U.S.C. Section 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c)).

A TRUE BILL

FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2008R01592

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

NICHOLAS COSMO,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981 (a) (1) (C), 1341, 1343, and 3551 *et seq.*; T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
Foreman

*Filed in open court this* _____

*of* _____ *A.D. 20* _____ *day;*

_____
Clerk

*Bail, $* _____

*Grace M. Cucchissi, Assistant United States Attorney (631) 715-7846*